IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CODY WAYNE JOHNSTON,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSON,<br><br>Respondent. | Cause No. CV 18-136-BLG-SPW-TJC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On August 28, 2018, Petitioner Cody Wayne Johnston filed this action under 28 U.S.C. § 2254.[1] Johnston is a state prisoner proceeding pro se. For the reasons set forth below, Johnston's petition should be dismissed.

## I.   Motion for Leave to Proceed in Forma Pauperis

Johnston moves for leave to proceed in forma pauperis. (Doc. 2.) After reviewing the motion and supporting account statement, Johnston has sufficiently shown that he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

## II.   28 U.S.C. § 2254 Petition

The Court is required to screen all actions brought by prisoners who seek

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's document deemed filed at the time prisoner delivers it to prison authorities).

1

relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. A federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. *See, Granberry v. Greer,* 481 U.S. 129, 134 (1987). Because Mr. Johnston's claims are unexhausted, his petition should be dismissed without prejudice.

### III. Procedural History/Johnston's Claims

Following a trial in Montana's Seventh Judicial District, Richland County, a jury found Johnston guilty of Deliberate Homicide and Tampering with Evidence. In January of 2017, Johnston was sentenced to life in prison for the Homicide and to a consecutive 10-year sentence for Tampering. (Doc. 1 at 11.)

Johnston currently has a direct appeal pending in which he is represented by counsel. *See, State v. Johnston*, DA 17-0153.[2] There, Johnston argues that (1) the district court erred in punishing him for failing to abandon his claim of innocence and provide the location of the victim's body, and (2) the district erred in imposing

---

[2] All state court briefing available at: https://supremecourtdocket.mt.gov (accessed September 26, 2018).

conditions of a suspended sentence when no portion of his sentence was suspended. *See generally, State v. Johnston*, DA 17-0153, Br. of Appellant (filed April 27, 2018). That matter is fully briefed.[3]

In his petition before this Court, Johnston raises claims of: (1) actual innocence and insufficient evidence to support a conviction; (2) malicious prosecution and misconduct; and, (3) ineffective assistance of counsel. *See,* (Doc. 1 at 1, 12, 13-15.) Johnston claims violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. *Id*. at 2, 12. Johnston also alleges multiple state governmental organizations conspired to violate his constitutional rights in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). *Id*. at 15-20. Johnston asks this Court to grant his petition, vacate his illegal convictions, and release him from his unlawful sentence. *Id*. at 21.

Johnston explains that he has attempted to raise these claims in the Montana Supreme Court via a state habeas corpus petition. (Doc. 1 at 2.) But because Johnston has a direct appeal pending, in which he is represented by counsel, the Court has declined to hear Johnston's petition. *See, Johnston v. Salmonsen*, OP 18-0367, Or. (Mont. July 10, 2018); *see also* (Doc. 1-1 at 64-65.) Johnston's

---

[3] Earlier this year, Johnston sought to dismiss his appointed appellate counsel and proceed pro se. *See State v. Johnston*, DA 17-0153, Mot. to Dismiss (filed July 2, 2018); *see also* (Doc. 1-1 at 57.) Johnston's request was denied. *State v. Johnston*, DA 17-0153, Or. (July 10, 2018); *see also* (Doc. 1-1 at 62-63.)

petition was dismissed without prejudice.

Johnston also explains that he attempted to file documents for reconsideration of his conviction based upon evidence that Ms. Waller, the victim, was seen after her disappearance, as well as an action for an immediate evidentiary hearing. (Docs. 1 at 4; 1-1 at 38); *see also* (Doc. 1-1at 44-45.)  Johnston's documents were construed and filed as a postconviction petition. (Doc. 1-1 at 39.) The matter was subsequently dismissed by the State District Court on July 16, 2018, however, because the petition was not properly verified or filed. (Doc 1-1 at 49-51.)

On the same date, the Richland Clerk of District Court sent a letter returning Johnston's documents and advising him that he failed to submit the requisite filing fee or verify his petition. (Doc. 1-1 at 47.) Johnston was provided with a form petition and a copy of the Montana Code provision addressing filing fees; he was also advised he would need to follow the Montana Rules of Civil Procedure. *Id*. It does not appear that Johnston attempted to refile a verified postconviction petition with a fee or motion to proceed in forma pauperis, but rather appealed the dismissal to the Montana Supreme Court. *See, Johnston v. State*, DA 18-0524, Not. (filed Sept. 4, 2018).

Johnston asserts that he is actually innocent and has attempted to present evidence of his innocence to the state courts to no avail. Nonetheless, Johnston

4

believes that his attempts constitute a fair presentation of his claims and, accordingly, this Court should now hear them. (Doc. 1 at 2-3.)

## IV. Analysis

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). As a general rule, a

petition satisfies the exhaustion requirement by fairly presenting federal claims to the appropriate state courts in the manner required by the state courts, thereby "afford[ing] the state courts a meaningful opportunity to consider allegations of legal error." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "To… 'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies…" *O'Sullivan*, 526 U.S. at 848 (citation omitted; emphasis in the original).

Johnston has not met the exhaustion requirement.[4] As a preliminary matter, because Johnston's direct appeal is still pending before the Montana Supreme Court, his judgment is not final for federal habeas purposes. *See*, 28 U.S.C. § 2244(d)(1)(A) (judgment becomes final by conclusion of direct review or the expiration of time for seeking such review). Moreover, to the extent Johnston has sought postconviction relief, he has not *properly* done so because he failed to comply with the statutory filing requirements. *See e.g.,* (Doc. 1-1 at 47.) Finally, Johnston still has state habeas relief available to him; his petition was dismissed without prejudice. (Doc. 1-1 at 65.) In short, the Montana Supreme Court has yet

---

[4] Johnston attempted to seek federal habeas relief earlier this year by joining in the filing of an "en masse" petition. There, Johnston was advised of the dangers of prematurely filing a federal habeas action and that a petitioner generally has only one opportunity for a federal court to consider the merits of his claims. *See, Johnston v. Salmonsen*, CV-18-15-BLG-SPW-TJC, Or. at 2-5 (filed Feb. 5, 2018).

to consider the constitutional claims that Johnston seeks to advance.

There are two exceptions to the exhaustion requirement, which apply if: (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). If Johnston's unexhausted claims were procedurally barred under state law, then the first exception might be met. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). But given the early procedural posture of Johnston's direct appeal, Johnston's collateral claims are not barred. His appeal of the dismissal of his postconviction petition is pending. Moreover, both his state habeas and postconviction petitions were dismissed without prejudice. Therefore, Johnston has state corrective process available to him.

In addition, there has been no showing that circumstances exist which would render the state process ineffective. Johnston has active matters pending in the state courts, and he has been advised of what steps he needs to undertake to cure the defects in his previously dismissed matters.

In short, because Johnston has not yet exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be without prejudice, allowing Johnston to return to this Court if and when he fully exhausts the claims relative to his current custody.

///

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Johnston has not yet made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

/ / /

/ / /

Based on the foregoing, the Court enters the following:

## ORDER

Johnston's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATION

1. Johnston's Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Johnston may object to this Findings and Recommendation within 14 days.[5] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

/ / /

/ / /

/ / /

---

[5] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Johnston is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

<u>Mr. Johnston must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 11th day of October, 2018.

                              _____
                              Timothy J. Cavan
                              United States Magistrate Judge